E. CLIFFORD WILSON, PROSECUTOR, v. WILLIAM F. BURK ET AL.

Submitted March 21, 1912—Decided July 10, 1912.

A resolution by the board of commissioners of a city dispensing with the services of a *de facto* commissioner of assessment of taxes is not an interference with his rights.

On *certiorari.*

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutor, *McCarter & English.*

For the defendants, *Charles E. Bird.*

The opinion of the court was delivered by

VOORHEES, J.   The prosecutor brings here for review a resolution passed by the board of commissioners of the city of Trenton on the 20th day of December, 1911, reading as follows:

"*Resolved,* That the services of E. Clifford Wilson as commissioner of assessment of taxes be discontinued and ended on the thirty-first day of December instant."

He had been one of five commissioners of assessment of taxes of the city of Trenton, pursuant to act of 1889 (4 *Comp. Stat., p.* 5148), at the time of the adoption by it of the Commission Government act (*Pamph. L.* 1911, *p.* 462), which latter act removed such commissioners from office.   *Salter* v. *Burk, ante p.* 152.   The above resolution was introduced at a meeting held on December 13th, and its further consideration deferred to December 20th.   At the same meeting of December 13th, 1911, the board of commissioners of Trenton also introduced the following:

"WHEREAS, The board of commissioners of assessment of taxes has been reorganized by the appointment of John P. Dullard, Charles D. Geller, Robert R. Volk and Charles H. Metzger, to take effect January 1st, 1912; and

"WHEREAS, It is the judgment of this board that four commissioners will be able to properly and efficiently perform all the work of the board; therefore

"*Resolved,* That the city clerk notify E. Clifford Wilson forthwith of the introduction of a resolution providing for the termination and ending of his services as commissioner of assessment of taxes, and that he make answer thereto, in writing, and file the same with the city clerk on or before the nineteenth inst., stating any reasons he may deem proper why said resolution should not be adopted, or appear in person before the board, at a meeting to be held on the twentieth instant, and be heard concerning the same."

These resolutions were served upon the prosecutor, and on December 20th, the date mentioned therein for him to appear before the board, he did appear, and protested against their passage because the board was without power to remove him,

except in accordance with the Civil Service act (which had been adopted in Trenton.after the adoption of the Commission Government act), and also because there was no power to diminish the number of commissioners of assessment of taxes.

The proposed two resolutions as introduced were finally passed on December 20th.

This case is governed by our decision in *Salter* v. *Burk, supra.* The acting as a commissioner by the prosecutor under the omnibus resolution, set out in the opinion in the cited case, did not constitute him a *de jure* officer, hence his dismissal was not an interference with his rights. He could not claim protection under the Civil Service act; assuming that that act was in force at the time of the passage of the resolution. *Ziegler* v. *Burk, post p.* 207.

The question of the power of the board to diminish the number of commissioners of assessment of taxes does not arise in this case.

The resolution brought up will be affirmed.